UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 1:18-md-02832-KMM

IN RE: Liquid Dispensing
System ('447) Patent Litigation
_____/

**REPORT AND RECOMMENDATION[1] ON
PLAINTIFF KONA ICE'S MOTION TO EXCLUDE**

**THIS CAUSE** came before the Court on Plaintiff Kona Ice, Inc.'s ("Kona Ice") Motion to Exclude (the "Motion"), ECF No. [148]. Defendants filed their Memorandum in Opposition to the Motion, ECF No. [156], and Kona Ice filed its Reply, ECF No. [157]. On April 21, 2021, the parties appeared for a hearing on this matter. ECF No. [164]. After due consideration of the Motions, the pertinent portions of the record, and being otherwise fully advised in the premises, it is hereby **RECOMMENDED** that Kona Ice's Motion be **GRANTED**.

**I.      BACKGROUND**

Kona Ice and its franchisees specialize in the sale of frozen shaved ice through their service vehicles. *See* Complaint for Patent Infringement and Demand for Jury Trial ¶ 6, *Kona Ice, Inc. v. Canedo*, No. 0:17-cv-61842-KMM (S.D. Fla. Sept 21, 2017), ECF No. 1.[2] The external liquid

---

[1] The instant Motion was referred to the undersigned "to take all necessary and proper action as required by law" by the Honorable K. Michael Moore, Chief United States District Judge. ECF No. [151]. Although a Magistrate Judge may typically rule on a motion to exclude evidence by order as opposed to report and recommendation, the undersigned issues this report and recommendation given that the evidence at issue could be deemed central to the pending summary judgment motion. *See In re Pons*, No. 19-23236-MC, 2020 WL 1860908, at *3 (S.D. Fla. Apr. 13, 2020), *aff'd sub nom. Pons v. AMKE Registered Agents, LLC*, 835 Fed. Appx. 465 (11th Cir. 2020) ("[A] magistrate judge may not issue an order on a pretrial matter dispositive of a party's claim or defense.") (citing Fed. R. Civ. P. 72(b)).

[2] On September 21, 2018, Kona Ice filed suit against Guillermo Canedo and Icetastic Enterprises, LLC for alleged patent infringements. *See* Complaint for Patent Infringement and Demand for Jury Trial, *Kona Ice, Inc. v. Canedo*, No. 0:17-cv-61842-KMM (S.D. Fla. Sept 21, 2017), ECF No. 1. Thereafter, upon motion by the defendants in that case, the United States Judicial Panel for

topping dispensing system incorporated into Kona Ice's service vehicles is disclosed in United States Patent No. 9,751,447 (the "'447 Patent"). *Id.* ¶ 7. Kona Ice filed the instant suit, alleging that Defendants, Kona Ice's market competitors, infringed on the '447 Patent. *See id.* ¶¶ 11–13; *see also* ECF No. [134] at 8. On December 14, 2020, Kona Ice filed its Motion for Summary Judgment, arguing that "Defendants have admitted that nearly all of the limitations of the asserted claims of the '447 patent are incorporated into the accused service vehicles." ECF No. [134] at 8. On December 28, 2020, Defendants filed their Memorandum Opposing Plaintiff's Motion for Summary Judgment ("Opposition to Summary Judgment"), arguing, among other things, that there are genuine issues of material fact regarding "whether Defendants' vehicles meet the claim requirement that the liquid toppings dispensing system is located externally of the at least one upstanding side wall 'and spaced entirely laterally therefrom by a gap.'" ECF No. [142] at 3 (quoting '447 Patent col. 10 1. 2–3).

In support of their Opposition to Summary Judgment and their contention that the gap in their liquid topping dispensing system is occupied, Defendants submitted the Declaration of Brian Tollefson. ECF No. [142-1]. Mr. Tollefson is "the CEO and principal owner of [Defendant] Tikiz." *Id.* ¶ 1. Mr. Tollefson, along with David Tollefson (Mr. Tollefson's father) and Charles Abbott (a Tikiz employee), "conducted tests on December 22, 2020 to determine whether and to what extent the Tikiz' liquid toppings dispensing system made contact with the side wall of the Tikiz' service vehicle that is at issue in this action." *Id.* ¶ 2. Mr. Tollefson explained the methodology used, as follows:

> The two tests were conducted in a similar manner by first applying a coat of tempura paint to the vehicle side wall, mounting the liquid toppings dispensing system in the usual position on the service

---

Multidistrict Litigation ordered the consolidation and transfer of various actions pending across ten districts to the Southern District of Florida before Chief Judge Moore. *See* Transfer Order, *Kona Ice, Inc. v. Canedo*, No. 0:17-cv-61842-KMM (S.D. Fla. April 6, 2018), ECF No. 27.

> vehicle as appropriate for each of the two styles of systems that were involved, removing the liquid toppings dispensing system from its mounting, and inspecting the systems and sidewall for indications that the paint on the side wall had been touched by the system and, conversely, that the paint on the side wall had touched the dispensing system.

*Id.* ¶ 4. Ultimately, Mr. Tollefson noted that, in both instances, the resulting paint transfer suggested that the dispensing system made contact with the side wall. *Id* ¶¶ 11–12, 15–16.

Thereafter, Kona Ice filed the instant Motion, requesting that the Court exclude Mr. Tollefson's Declaration. ECF No. [148] at 5. First, Kona Ice argues that "Defendants did not produce these tests and documents in response to several of Kona Ice's Interrogatories and Document Requests." *Id.* Second, Kona Ice argues that Mr. Tollefson's tests constitute expert testimony because they are intended to directly support the defense of non-infringement. *Id.* at 11–12. As a result, Kona Ice implores that the tests should be excluded because they were not disclosed pursuant to the Scheduling Order's September 11, 2020 deadline for providing Rule 26(a)(2) expert disclosures. *Id.* at 12; *see* ECF No. [71] ("Rule 26(a)(2) expert disclosures shall be completed on or before September 11, 2020.").[3] Kona Ice notes that Defendants' failure to make such disclosures caused prejudice to Kona Ice because it is now precluded from conducting written discovery regarding the subject tests, deposing the individuals who conducted the tests, and engaging an expert in response to the tests. ECF No. [148] at 11.

In response, Defendants first argue that the tests were not included in prior discovery because they were not conducted until December 22, 2020, and as such, were disclosed within a reasonable time (on December 28, 2020) pursuant to Defendants' continuing obligation to

---

[3] The District Court later amended the Scheduling Order on October 5, 2020, extending the discovery deadline to December 4, 2020 and the pretrial motions deadline to December 14, 2020. ECF No. [100]. The amendment did not affect the deadline for making Rule 26(a)(2) expert disclosures. *Id.*

3

supplement discovery responses. No. [156] at 5. Additionally, Defendants argue that Mr. Tollefson's Declaration does not constitute expert testimony under Rule 702, Federal Rules of Evidence, and as such, was not subject to the expert disclosure deadline. *Id.* at 1. Instead, Defendants argue that Mr. Tollefson rendered lay testimony under Rule 701 because he did not offer any opinions, rather he made common sense observations based on his own experience. *Id.* at 1–4.

In its Reply, Kona Ice reiterates that Mr. Tollefson Declaration constitutes expert testimony under Rule 702 that because the purpose of his declaration was to "establish the qualities of the accused service vehicles as they relate to Kona Ice's" patent. ECF No. [157] at 4. Kona Ice emphasizes that under Rule 26(a)(2), Defendants did not comply with their obligation to disclose Mr. Tollefson as an expert witness, and therefore, the declaration must be stricken on that ground alone. *Id.*

## II. ANALYSIS

Federal Rules of Evidence 701 and 702 govern the admissibility of opinion testimony. On the one hand, Rule 701 provides:

> If a witness is not testifying as an expert, testimony in the form of an opinion is limited to one that is:
> (a) rationally based on the witness's perception;
> (b) helpful to clearly understanding the witness's testimony or to determining a fact in issue; and
> (c) not based on scientific, technical, or other specialized knowledge within the scope of Rule 702.

Fed. R. Evid. 701. On the other hand, Rule 702 provides:

> A witness who is qualified as an expert by knowledge, skill, experience, training, or education may testify in the form of an opinion or otherwise if:
> (a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue;

4

>>(b) the testimony is based on sufficient facts or data;
>>(c) the testimony is the product of reliable principles and methods; and
>>(d) the expert has reliably applied the principles and methods to the facts of the case.

Fed. R. Evid. 702.

In 2000, Rule 701 was "amended to eliminate the risk that the reliability requirements set forth in Rule 702 will be evaded through the simple expedient of proffering an expert in lay witness clothing." Fed. R. Civ. P. 701 advisory committee's note to 2000 amendment. "Under the amendment, a witness' testimony must be scrutinized under the rules regulating expert opinion to the extent that the witness is providing testimony based on scientific, technical, or other specialized knowledge within the scope of Rule 702." *Id.* (citing *Asplundh Mfg. Div. v. Benton Harbor Eng'g*, 57 F.3d 1190 (3d Cir. 1995)). "The amendment does not distinguish between expert and lay *witnesses*, but rather between expert and lay *testimony*. Certainly, it is possible for the same witness to provide both lay and expert testimony in a single case." *Id.* (citing *United States v. Figueroa-Lopez*, 125 F.3d 1241, 1246 (9th Cir. 1997)) (emphasis in original). However, the Court is tasked with ensuring that "a party will not evade the expert witness disclosure requirements set forth in Fed. R. Civ. P. 26 . . . by simply calling an expert witness in the guise of a layperson." *Id.* (citing Joseph, *Emerging Expert Issues Under the 1993 Disclosure Amendments to the Federal Rules of Civil Procedure*, 164 F.R.D. 97, 108 (1996)).

Likewise, Rule 702 was amended in 2000 to "affirm[] the trial court's role as gatekeeper and provide[] some general standards that the trial court must use to assess the reliability and helpfulness of proffered expert testimony." Fed. R. Civ. P. 702 advisory committee's note to 2000 amendment. [T]he amendment does not distinguish between scientific and other forms of expert testimony. The trial court's gatekeeping function applies to testimony by any expert." *Id.* (citing

5

*Kumho Tire Co. v. Carmichael*, 119 S.Ct. 1167, 1171 (1999)). Under Rule 702, "[a]n opinion from an expert who is not a scientist should receive the same degree of scrutiny for reliability as an opinion from an expert who purports to be a scientist." *Id.* (citing *Watkins v. Telsmith, Inc.*, 121 F.3d 984, 991 (5th Cir. 1997)). However, the amendment to Rule 702 "was not intended to 'prohibit lay witness testimony on matters of common knowledge that traditionally ha[d] been the subject of lay opinions.'" *Tampa Bay Shipbuilding & Repair Co. v. Cedar Shipping Co., Ltd.*, 320 F.3d 1213, 1223 (11th Cir. 2003) (quoting Memorandum from the Advisory Committee on Evidence Rules, to the Chair of the Standing Committee on Rules of Practice and Procedure, 5 (May 1, 1999) (alteration supplied). In *Tampa Bay*, for example, the Eleventh Circuit Court of Appeals affirmed the district court's denial of a motion *in limine* to exclude "testimony by a business owner as to the value of its business." *Id.* at 1218, 1223. The Eleventh Circuit explained that the testimony was admissible because the witnesses "testified based upon [his] particularized knowledge garnered from years of experience within the field." *Id.* (footnote omitted).

Indeed, "the ability to answer hypothetical questions is '[t]he essential difference' between expert and lay witnesses." *United States v. Henderson*, 409 F.3d 1293, 1300 (11th Cir. 2005) (quoting *Asplundh Mfg. Div. v. Benton Harbor Eng'g*, 57 F.3d 1190, 1202 n. 16 (3d Cir.1995)) (alteration supplied). "Thus, while lay witnesses may testify about their own immediate perceptions, testimony that blurs into supposition and extrapolation crosses the line into expertise." *Lebron v. Royal Caribbean Cruises, Ltd.*, No. 16-24687-CIV, 2018 WL 4539706, at *4 (S.D. Fla. Sept. 21, 2018) (citing *Lebron v. Sec. of Florida Dept. Of Children and Families*, 772 F.3d 1352, 1372 (11th Cir. 2014)).

Here, the Court is unpersuaded by Defendants' argument that Mr. Tollefson's Declaration is admissible as lay witness testimony. In evaluating whether Mr. Tollefson's testimony may be

6

properly admitted as a lay opinion, the Court considers the nature of the testimony. The central purpose of Mr. Tollefson's testimony was to demonstrate that Defendants' liquid topping dispensing system made contact with the side wall of their service vehicle. To that extent, Defendants purport to establish that the service vehicles do not conform with the claim limitations of the '447 Patent. Mr. Tollefson's Declaration, however, was not rationally based on his perception as a lay person; rather, he testified to a demonstration conducted for the purpose of proving the ultimate question to be decided by the fact finder. While it may be true that "Mr. Tollefson has years of experience in the structure and assembly of the Tikiz liquid toppings dispensing system," ECF No. [156] at 2, Mr. Tollefson did *not* base his opinion on any particularized knowledge acquired by virtue of his position as CEO of Tikiz. Instead, Mr. Tollefson engaged in "tests" to determine whether the dispensing system made contact with the vehicle's side wall. As the undersigned noted during the hearing on this matter, Mr. Tollefson personal observations of the service vehicles based on his years of experience as CEO may be proffered at trial and then subject to cross-examination. However, any observations or conclusions based on the tests conducted by Mr. Tollefson crosses the line, as those tests were demonstrations that go to the ultimate question. Mr. Tollefson might be qualified to conduct those tests, but his testimony in that regard should be subject to the rigors of expert testimony.

Having concluded that Mr. Tollefson's testimony as to the "tests" conducted constitutes expert testimony, and not opinion testimony from a lay witness, the undersigned recommends that the Motion be **GRANTED** and the Declaration be stricken given the failure to disclose the expert testimony in accordance with the District Court's Scheduling Order. *See* ECF No. [71]. Specifically, the Scheduling Order provides that Rule 26(a)(2) expert disclosures were due by September 11, 2020; yet, Defendants did not provide Mr. Tollefson's Declaration until December

28, 2020, in conjunction with their Opposition to Summary Judgment. *Id.*; *see also* ECF No. [142-1]. The Declaration might have been prepared after the deadline, but that is exactly the point. The rule on expert disclosures exists precisely to prevent a late coming witness from providing testimony that the opposing party has not been given time to adequately challenge. Indeed, admitting Mr. Tollefson's Declaration and into evidence would result in significant prejudice to Plaintiff Kona Ice as it has been precluded from propounding discovery related to the tests, conducting any depositions about the manner in which the test was conducted, or employing the services of a rebuttal witness because it did not receive timely notice of this expert. As such, Mr. Tollefson's Declaration should be stricken.

## III. RECOMMENDATION

Based on the foregoing, the undersigned recommends that Plaintiff's Motion to Exclude, ECF No. [148], be **GRANTED**. Mr. Tollefson's Declaration should be excluded from evidence and Defendants should be precluding from relying on any part thereof.

## IV. OBJECTIONS

A party shall serve and file written objections, if any, to this Report and Recommendation with the United States District Court Judge for the Southern District of Florida, within **FOURTEEN (14) DAYS** of being served with a copy of this Report and Recommendation. Any request for an extension of this deadline must be made within seven (7) calendar days from the date of this Report and Recommendation. Failure to timely file objections will bar a *de novo* determination by the District Judge of anything in this Recommendation and shall constitute a waiver of a party's "right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions." 11th Cir. R. 3-1 (2016); 28 U.S.C. § 636(b)(1)(C); *see also Harrigan v. Metro-Dade Police Dep't Station #4*, 977 F.3d 1185, 1191–92 (11th Cir. 2020).

**DONE AND SUBMITTED** in chambers at Miami, Florida on May 12, 2021.

_____
JACQUELINE BECERRA
UNITED STATES MAGISTRATE JUDGE