UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 1:18-md-02832-KMM

IN RE: Liquid Toppings Dispensing
System ('447) Patent Litigation
_____/

**ORDER ON REPORT AND RECOMMENDATION**

THIS CAUSE came before the Court upon Plaintiff Kona Ice, Inc's ("Plaintiff") Motion to Exclude. ("Mot.") (ECF No. 148). Defendants filed a Memorandum in Opposition to Plaintiff's Motion to Exclude. ("Resp. to Mot.") (ECF No. 156). Plaintiff filed a Reply. ("Reply to Mot.") (ECF No. 157). The Court referred the Motion to the Honorable Jacqueline Becerra, United States Magistrate Judge. (ECF No. 151). Magistrate Judge Becerra issued a Report and Recommendation ("R&R") recommending that Plaintiff's Motion be GRANTED. (ECF No. 165). Defendants filed an Appeal of the R&R, which the Court construes as Objections. ("Obj.") (ECF No. 167). Plaintiff filed a Response to Defendants' Objections. ("Resp. to Obj.") (ECF No. 168). Defendants filed a Reply Brief in Support of Objections. ("Reply to Obj.") (ECF No. 169). The matter is now ripe for review.

The Court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3). The Court "must determine *de novo* any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3). A *de novo* review is therefore required if a party files "a proper, specific objection" to a factual finding contained in the report. *Macort v. Prem, Inc.*, 208 F. App'x 781, 784 (11th Cir. 2006). "It is critical that the objection be sufficiently specific and not a general objection to the report" to warrant *de novo* review. *Id.*

Plaintiff seeks to exclude the Declaration of Brian Tollefson ("Tollefson Declaration" or "Declaration") (ECF No. 142-1), CEO and principal owner of Defendant Tikiz Franchising, LLC ("Tikiz"), which was filed in support of Defendants' Motion for Summary Judgment in this matter. *See generally* Mot. Specifically, Plaintiff argues that the Tollefson Declaration should be excluded because the Declaration and supporting documents were not produced during discovery, the Declaration amounts to undisclosed expert testimony, and the Declaration cannot be used as lay testimony. *Id.* at 5–10.

As set forth in the R&R, Magistrate Judge Becerra finds that the Tollefson Declaration constitutes expert testimony, not lay opinion testimony, and it should therefore be stricken due to Defendants' failure to disclose it in accordance with the Court's Scheduling Order (ECF No. 71). R&R at 6–7. Magistrate Judge Becerra finds that the central purpose of the Tollefson Declaration—based on tests that he conducted—"was to demonstrate that Defendants' liquid topping dispensing system made contact with the side wall of their service vehicle" and therefore Defendants' "service vehicles do not conform with the claim limitations of the '447 Patent" at issue. *Id.* at 7. Magistrate Judge Becerra finds that while Mr. Tollefson may be qualified to conduct tests of Defendants' service vehicles, because his observations about those tests go to the ultimate question at issue, any such related testimony "should be subject to the rigors of expert testimony." *Id.*

Defendants argue that Magistrate Judge Becerra's reasoning is contrary to Rule 704(a) of the Federal Rules of Evidence, which states that "[a]n opinion is not objectionable just because it embraces an ultimate issue." Obj. at 1–2; Fed. R. Evid. 704(a). Defendants argue that the Tollefson Declaration "is a straight forward account of conducting a procedure of mounting a liquid topping dispensing system to a service vehicle after first applying a coat of paint to the

vehicle." *Id.* at 2. Defendants argue that Tollefson's testimony does not present any opinion, nor does it deal with a hypothetical question. *Id.* Rather, Defendants argue that Tollefson's testimony is "rationally based on his perception, it is helpful to determining a fact at issue, and it is 'not based on scientific, technical, or other specialized knowledge within the scope of Rule 702.'" *Id.* at 2–3 (quoting Fed. R. Evid. 701). Defendants argue that Tollefson's "testimony is based on his long experience in mounting a liquid topping dispensing system to a service vehicle," experience that he used "to make common sense observations." *Id.* at 3. Defendants argue that the Tollefson Declaration discusses a device with which he was thoroughly familiar—not one made by a third party—and his "own experience with the device provided the methodology." *Id.* at 3–4. Further, Defendants argue that the Tollefson testimony is not disqualified simply because it relates to the ultimate issue. *Id.* at 4. Finally, Defendants argue that there is "no *per se* rule that something described as a test requires an expert." *Id.*

Plaintiff argues that the Declaration should be excluded because Defendants have offered no suggestion that Tollefson (1) "has any prior experience regarding the tests he and others conducted"; (2) "has any prior experience or knowledge of these tests based on his involvement with the accused service vehicles"; or (3) "has any experience with these tests, or that he has ever conducted them, as part of his business experience with Defendants." Resp. to Obj. at 3. Further, Plaintiff argues that the fact that Tollefson "had to undertake tests regarding the subject matter of his Declaration demonstrates that he does not have personal knowledge through his personal experiences or any particularized knowledge from his design of the accused service vehicles," but rather that "he only gained such information from conducting the tests." *Id.* Accordingly, Plaintiff argues that Tollefson's testimony is not proper lay testimony. *Id.* at 3–4. Even if not found to constitute expert testimony, Plaintiff argues that Defendants failed "to provide a summary of the

3

facts to which Mr. Tollefson, and others that participated in the tests, are expected to testify" in accordance with Rule 26(a)(2)(C). *Id.* at 6. Critically, Plaintiff argues that Defendants' discovery violations are prejudicial because Plaintiff is now precluded from (1) conducting written discovery regarding the tests and documents; (2) deposing those who participated in the tests; (3) obtaining and considering all background details regarding the tests and documents used by Defendants to prepare the Tollefson Declaration; and (4) engaging an expert to prepare a response. *Id.* at 8.

In their Reply to Objections, Defendants continue to maintain that Tollefson's testimony is lay testimony based on his experience "in mounting and dismounting a liquid toppings dispensing system in relation to a vehicle wall and seeing how the two fit together." Reply to Obj. at 1. Defendants argue that Tollefson "did not make any specialized explanations or interpretations." *Id.* at 3.

The Court agrees with Magistrate Judge Becerra's findings. The Tollefson Declaration is aptly characterized as expert testimony which was based on a methodology—a "multistep procedure"—employed by Tollefson in reliance on his technical expertise. Obj. at 3. While Rule 701 allows for lay opinion testimony, it does so to the extent that it is "not based on scientific, technical, or other specialized knowledge within the scope of Rule 702." Fed. R. Evid. 701(c). "Subsection (c) was added in 2000, in an attempt to rein in the admission of expert testimony under the guise of lay opinion." *United States v. Henderson*, 409 F.3d 1293, 1300 (11th Cir. 2005) (citing Fed. R. Evid. 701, Advisory Committee's note to 2000 amendment). The Tollefson Declaration is not based on Tollefson's particularized knowledge of the service vehicles, but rather based on conclusions formed after conducting tests on the service vehicles using his expertise in "mounting and dismounting a liquid toppings dispensing system in relation to a vehicle wall and seeing how the two fit together." Reply to Obj. at 1. For these reasons, the Declaration constitutes expert

testimony and is not admissible under Rule 701.  Not only were the tests themselves not *disclosed* within the requisite timeframe pursuant to the Court's Scheduling Order, they were not even *conducted* before expert disclosures were due.  Thus, the Court agrees with Magistrate Judge Becerra that admission of the Tollefson's Declaration "would result in significant prejudice to Plaintiff Kona Ice as it has been precluded from propounding discovery related to the tests, conducting any depositions about the manner in which the test[s] [were] conducted, or employing the services of a rebuttal witness because it did not receive timely notice of this expert." R&R at 8.

Accordingly, UPON CONSIDERATION of the Motion, the R&R, the pertinent portions of the record, and being otherwise fully advised in the premises, it is hereby ORDERED AND ADJUDGED that Magistrate Judge Becerra's R&R (ECF No. 165) is ADOPTED.  It is FURTHER ORDERED that Plaintiff's Motion to Exclude (ECF No. 148) is GRANTED and the Tollefson Declaration is hereby STRICKEN.  The Clerk of Court is INSTRUCTED to STRIKE the Tollefson Declaration (ECF No. 142-1) from the record.

DONE AND ORDERED in Chambers at Miami, Florida this *14th* day of June, 2020.

K. MICHAEL MOORE
CHIEF UNITED STATES DISTRICT JUDGE

c: All counsel of record